*732 OPINION.
Littleton :
The Board is of the opinion that the payments of $150 weekly to each, the president and vice president of the petitioner, during the fiscal years 1921, 1922, and 1923, for traveling and other necessary business expenses while engaged on business of the petitioner, were ordinary and necessary expenses paid or incurred during those years in carrying on petitioner’s business and were proper deductions in computing the net income of petitioner.
The total of such payments made in each of the years was as follows:
Fiscal year 1921---$12, 450
Fiscal year 1922- 15, 600
Fiscal year 1923- 15, 050
The fact that the president and vice president were not required to keep itemized expense accounts is not material, as the evidence *733 shows that the sums were authorized by the petitioner; were expended by the officers in the carrying on of the business and were, in fact, less than the amounts actually expended by said officers. Julius Forstmann, 6 B. T. A. 21.
The petitioner made no such payment for ordinary and necessary expenses to the president and vice president in the fiscal year 1920, nor did it deduct such an amount from its gross income in computing net income. The said payments of $150 per week were not begun until April 17, 1920, and respondent was in error in holding otherwise and increasing petitioner’s income in the amount of $15,600 for the fiscal year 1920, on the theory that such amount had been paid and deducted from income.
The respondent also committed error in stating the amount of business expenditures claimed as deductions by petitioner for the year 1921 as $15,600, whereas petitioner expended in payments to its president and vice president for that year the sum of $12,450, and only claimed deduction for that amount.
The petitioner expended $7,633.92 in the fiscal year 1920 and $47,630.79 in the fiscal year 1923 on alterations and improvements made on its business property. At the time $7,633.92 was expended, petitioner had only a one-year lease on the property in question. When the $47,630.79 was expended, petitioner then had a lease covering a period of ten years. Both leases were for definite periods and in neither was there given any option or right of renewal to the lessee.
The expenditures so made were capitalized by respondent and depreciated over a period of 25 years, the estimated useful life of the improvements. The petitioner admits that the expenditures may be properly capitalized, but such cost should be exhausted over the life of the leases and not the life of the improvements.
In view of the fact that the leases were for a definite and fixed period, with no unconditional right or option to renew, the Board is of the opinion that the expenditures for alterations and improvements in the amount of $7,633.92 made during the fiscal year 1920 upon the property occupied under a lease for one year only, are deductible in full in computing the petitioner’s net taxable income for tbe fiscal year 1920.
The Board is further of the opinion that in computing the petitioner’s net taxable income for the fiscal year 1923, the correct deduction for depreciation on alterations, additions and improvements made during said fiscal year to the business property mentioned under the lease for ten years, is one-tenth of $47,630.79, the total expenditures for that year, and that the Commissioner was in *734 error in depreciating the same over the useful life of the property, estimated to be 25 years.
The petitioner’s invested capital for the fiscal years 1920, 1921, and 1922 was correctly reduced by the respondent on account of income and profits tax for the preceding year. Russel Wheel & Foundry Co., 3 B. T. A. 1168.
Reviewed by the Board.

Judgment will be entered on 15 days’ notice, muter Rule 50.